MARGARET ROSENTHAL, Bar No. 147501
Email: mrosenthal@bakerlaw.com
DIAMOND M. HICKS, Bar No. 287300
Email: dhicks@bakerlaw.com
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

LAWRENCE W. FREIMAN, Bar No. 288917
Email: lawrence@freimanlaw.com
MICHAEL J. FREIMAN, Bar No. 280716
Email: michael@freimanlaw.com
FREIMAN LAW
100 Wilshire Boulevard, Suite 940
Los Angeles, CA 90401
Telephone: 310.917.1024
Facsimile: 888.835.8511

Attorneys for Plaintiff
LASHAWN DANIELS

NOTE: CHANGES MADE BY THE COURT

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHAWN DANIELS,<br><br>        Plaintiff,<br><br>   v.<br><br>SOUTHWEST AIRLINES CO.; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.: 2:14-cv-08440-AB (JPRx)<br><br>[Honorable Andre Birotte, Jr.]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:    September 9, 2014<br>Action Removed: October 30, 2014<br>                November 28, 2014 |

Plaintiff LaShawn Daniels ("Plaintiff") and defendant Southwest Airlines Co. ("Southwest") (collectively, the "Parties"), through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order"). The Parties acknowledge and understand that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, that the protection it affords from public disclosures and use extends only to limited information or items that are entitled to confidential treatment under the applicable legal principles, and that it does not presumptively entitle parties to file confidential information under seal.

## I.   STATEMENT OF GOOD CAUSE

In connection with discovery in this lawsuit, Plaintiff has sought and may continue to seek or inquire about certain documents, written discovery responses, deposition testimony, and other items containing confidential information, including third-party information protected by privacy laws such as personal contact information of current and former employees of Southwest, and proprietary business policies, procedures, job descriptions, personnel records, payroll records and/or timekeeping records of current and former employees of Southwest. The Parties recognize that employers such as Southwest are obligated to maintain the right to privacy guaranteed by the California Constitution, which protects employees' files from improper disclosure to third parties. *See Board of Trustees v. Superior Courts*, 119 Cal. App. 3d 516 (1981). The Parties desire to protect the confidentiality, use, and dissemination of such information, agree that good cause exists for this Protective Order, and agree that such an order is in the best interest of both parties.

## II.   TERMS OF STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between the Parties to the above-entitled case, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to

2

confidentiality limitations due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

    1.    In this Protective Order, the words set forth below shall have the following meanings:

    (a)    "Confidential" means information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.  This includes third-party information protected by privacy laws such as personal contact information of current and former employees of Southwest, as well as proprietary business policies, procedures, job descriptions, personnel records, payroll records and/or timekeeping records of current and former employees of Southwest.

    (b)    "Confidential – Attorneys' Eyes Only" means any Documents, Testimony or Information as defined below for which the Parties consider of a highly Confidential and/or proprietary nature.

    (c)    "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the provisions of this Protective Order.

    (d)    "Court" means any judge to whom this Proceeding may be assigned, including the Honorable Andre Birotte, Jr. (District Court Judge), the Honorable Jean Rosenbluth (Magistrate Judge), as well as Court staff participating in such proceedings.

    (e)    "Designating Party" means the Party that designates Materials as "Confidential" or "Confidential – Attorneys' Eyes Only."

    (f)    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    (g)    "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250,

255, and 260, and Federal Rules of Evidence, Rule 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

(h) "Information" means the content of Documents or Testimony.

(i) "Party" and "Parties" means the named party(s) in the Proceeding.

(j) "Proceeding" means the above-entitled proceeding (Case No. 2:14-cv-08440-AB (JPRx)).

(k) "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The Designating Party shall have the right to designate as "Confidential – Attorneys' Eyes Only" any Documents, Testimony or Information that the Designating Party in good faith believes to be of a highly Confidential and/or proprietary nature.

4. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion,

5. Any Documents, Testimony or Information to be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The designation should not obscure or interfere with the legibility of the designated Information.

1       (a)     For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Confidential – Attorneys' Eyes Only" on each page of any Document containing such designated Confidential Material.

      (b)     For Testimony given in depositions the Designating Party may either:

      (i)     identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or

      (ii)     designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the duty to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript.  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

      (c)     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the media (i.e., Disc, Tape, Drive) which the Information or item is stored the legend "Confidential" or "Confidential – Attorneys' Eyes Only."  If only portions of the Information or item warrant protection, the Designating Patty, to the extent practicable, shall identify the "Confidential" or "Confidential – Attorneys' Eyes Only" portions.

6.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Confidential – Attorneys'

Eyes Only" designation, shall be without prejudice to any claim that such item is "Confidential" or "Confidential – Attorneys' Eyes Only" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" or "Confidential – Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) calendar days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of the Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Confidential – Attorneys' Eyes Only" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction or need for additional time for destruction within ten (10) calendar days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

7.    In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Confidential – Attorneys' Eyes Only" objects to such designation with respect to any or all of such

items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) calendar days from receipt of the written, Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion").  Any motion challenging a designation shall be made in strict compliance with Civil Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Confidential – Attorneys' Eyes Only" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

   8. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    (a) the Court;

    (b) attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party;

    (c) in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel, provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such

7

1 Materials are being Disclosed pursuant to, and are subject to, the terms of this
2 Protective Order and that they may not be Disclosed other than pursuant to its
3 terms;

4     (d)    the named Plaintiff;

5     (e)    those officers, directors, partners, members, employees and
6 agents of all non-designating Parties that counsel for such Parties deems necessary
7 to aid counsel in the prosecution and defense of this Proceeding; provided,
8 however, that prior to the Disclosure of Confidential Materials to any such officer,
9 director, partner, member, employee or agent, counsel for the Party making the
10 Disclosure shall deliver a copy of this Protective Order to such person, shall explain
11 that such person is bound to follow the terms of such Order, and shall secure the
12 signature of such person on a statement in the form attached hereto as Exhibit A;

13     (f)    court reporters in this Proceeding (whether at depositions,
14 hearings, or any other proceeding);

15     (g)    any deposition, trial or hearing witness in the Proceeding who
16 previously has had access to the Confidential Materials, or who is currently or was
17 previously an officer, director, partner, member, employee or agent of an entity that
18 has had access to the Confidential Materials;

19     (h)    any deposition, trial or hearing witness in the Proceeding who
20 previously did not have access to the Confidential Materials; provided, however,
21 that each such witness given access to Confidential Materials shall be advised that
22 such Materials are being Disclosed pursuant to, and are subject to, the terms of this
23 Protective Order and that they may not be Disclosed other than pursuant to its
24 terms;

25     (i)    mock jury participants, provided, however, that prior to the
26 Disclosure of Confidential Materials to any such mock jury participant, counsel for
27 the Party making the Disclosure shall deliver a copy of this Protective Order to such
28 person, shall explain that such person is bound to follow the terms of such Order,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

   (j) outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

   (k) any other person that the Designating Party agrees to in writing; and

   (l) the mediator agreed to by the Parties.

  9. Access to and/or Disclosure of Confidential Materials designated as "Confidential - Attorneys Eyes Only" shall be permitted only to such persons designated in subsections a.-c. and e.-l., of paragraph 8.

  10. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever. This Protective Order is expressly intended to comply with Rule 1-500(A) of the California Rules of Professional Conduct.

  11. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.  Any such motion must comply with Local Rule 37.

  12. Entering into, agreeing to, and/or complying with the terms of this

Protective Order shall not:

    (a) operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Confidential – Attorneys' Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    (b) prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

        (i) to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Protective Order; or

        (ii) to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

13. Any party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

14. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party witness to the authority of the Court in the Proceeding to resolve and such designation, or any other matter otherwise arising under this Protective Order.

15. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena. However, nothing contained in this Protective Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

16. Nothing in this Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17. If, after execution of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order are Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

18. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any

1  Confidential Materials designated by that Party. If the Designating Party uses
2  Confidential Materials in a non-Confidential manner, then the Confidential
3  designation no longer applies.

4      19.    In accordance with Local Rule 79-5.1, if any papers to be filed with
5  the Court contain information and/or documents that have been designated as
6  "Confidential" or "Confidential – Attorneys' Eyes Only," the proposed filing shall
7  be accompanied by an application to file the papers or the portion thereof
8  containing the designated information or documents (if such portion is segregable)
9  under seal; and the application shall be directed to the judge to whom the papers are
10 directed.  For motions, the parties shall publicly file a redacted version of the
11 motion and supporting papers.

12     20.    The Parties shall meet and confer regarding the procedures for use of
13 Confidential Materials at trial and shall move the Court for entry of an appropriate
14 order.

15     21.    Nothing in this Protective Order shall affect the admissibility into
16 evidence of Confidential Materials, or abridge the rights of any person to seek
17 judicial review or to pursue other appropriate judicial action with respect to any
18 ruling made by the Court concerning the issue of the status of Protected Material.

19     22.    This Protective Order shall continue to be binding after the conclusion
20 of this Proceeding and all subsequent proceedings arising from this Proceeding,
21 except that a person subject to the Protective Order may seek the written permission
22 of the Designating Party or may move the Court for relief from the provisions of
23 this Protective Order. To the extent permitted by law, the Court shall retain
24 jurisdiction to enforce, modify, or reconsider this Protective Order, even after the
25 Proceeding is terminated.

26     23.    Upon written request made within thirty (30) calendar days after the
27 settlement or other termination of the Proceeding, the undersigned Parties shall
28 have thirty (30) calendar days to either (a) promptly return to counsel for each

Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein. The Designating Party to whom Confidential Materials are returned under this paragraph shall be obligated to maintain the returned documents for no less than six (6) years after their receipt.

24. After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Protective Order.

25. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different protective order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

26. The Court may modify the protective order in the interests of justice or for public policy reasons.

This Protective Order may be executed in counterparts.

Dated: June 10, 2015     BAKER & HOSTETLER LLP

By: /s/ Diamond M. Hicks
MARGARET ROSENTHAL
DIAMOND M. HICKS

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

Dated: June 10, 2015     FREIMAN LAW

By: /s/ Lawrence W. Freiman
LAWRENCE W. FREIMAN
MICHAEL J. FREIMAN

Attorneys for Plaintiff
LASHAWN DANIELS

I, Diamond M. Hicks, attest that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

## **ORDER**

Upon a review of the above stipulation of the parties, it is hereby ordered that the Stipulation for Protective Order is GRANTED.

**SO ORDERED:**

Dated: June 17, 2015

Honorable Jean P. Rosenbluth
United States Magistrate Judge

# **EXHIBIT A**

## **CERTIFICATION REGARDING CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, [NAME], [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding *LaShawn Daniels v. Southwest Airlines Co.*, Case No. 2:14-cv-08440-AB (JPRx). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order, I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such Materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of this Protective Order.

I understand that violation of this Protective Order may subject me to sanctions for contempt of court.

1  I declare under penalty of perjury, under the laws of the State of California, that
2  the foregoing is true and correct.  Executed this _____ day of _____,
3  2015, at, _____, California.

6  DATED:_____     BY:_____
                                               Signature

                                          _____
                                               Title

                                          _____
                                               Address

                                          _____
                                               Telephone Number